May it please the Court, I'm here on behalf of Preetpal Singh. Mr. Singh is a native and citizen of India who's been in the United States about 20 years. He had previously applied under the Immigration Reform and Control Act of 1986 for special agricultural worker status, which if approved would have given him permanent residence status in the United States. After a period of time, he was denied that status. More directly, what brings us here today is that later on he was placed in deportation proceedings. He was ordered removed from the United States, and then later on he was arrested and placed in detention here in the Western District of Washington. Here's my question. Is he now at liberty? He is out on a bond at this time. He's out on a bond granted by the INS? Yes. I don't understand why there's any relief we could grant him. First he wanted a stay of removal pending his saw, correct? I agree with the government. So we can't give him that because he got it. I agree with the government. When this case was filed, he was in custody. And then because it was established that he was a named plaintiff in the Abdullah case and part of that settlement. Let me just stop you. Yeah. I'm trying to understand what you want and whether we can give you anything you want. He wanted a stay of removal pending the determination of his saw. He, in effect, got that, correct? Yes. Because he hasn't been removed and then he got his saw adjudicated. So we can't give him that relief, correct? Correct. And the second thing he wanted is he wanted to be released pending adjudication. And he is. Yeah, he was released in October of 2001.  Your Honor, the anticipation, and Mr. Singh had, as indicated, he was one of the named plaintiffs in the Abdullah litigation. He anticipated that in that process he was going to have an opportunity to present additional evidence to show entitlement to the saw status. And to his surprise, that didn't occur and he was denied. And then the government presented that information to the district court judge that upon review, pursuant to the settlement agreement, that he had been denied again for saw status. And when the report and recommendation was made by the magistrate, we had requested what I believe to be the only thing that we could do at that point was to request some kind of evidentiary hearing to see whether the settlement agreement in terms of Mr. Singh or whether Mr. Singh's rights were recognized. And I do agree with the government that this court here could not determine whether or not he was entitled or not entitled to special agricultural worker status. I just guess I'm a little bit at a loss trying to understand because the habeas petition wasn't a vehicle for him to get another adjudication. No, I agree with that. So the evidentiary hearing would have to be about why he was wrong. Whether or not any of his due process rights were violated, Your Honor. And one of the cases cited by the government in their brief, the Keeney v. Tamayo-Reyes case, it talks about that even though ordinarily in a habeas proceeding there is no additional evidence that is taken, but it's primarily a review of the administrative record that when it involves possible instances of a fundamental miscarriage of justice, that there can be a hearing. And I think that arguably Mr. Singh's case would fall within that arena because he is still very insistent that his case wasn't given proper consideration. Counsel, as I looked at the record, you were invited by the district court to file a brief after the solemn denial, and you didn't do that. You waited until the decision and recommendation was made by the magistrate. We presented our position, that is correct, in the form of objections to the report and recommendation of the magistrate. That's kind of after the horse's escape. Probably the issue should have been presented at an earlier time, Your Honor. I also indicated, for whatever it's worth, I discussed this with counsel before the argument that Mr. Singh now lives or he's been living in Mississippi, and he over there had obtained a labor certification from the Department of Labor as a skilled worker and has recently filed, and his lawyer in Tennessee sent me a copy of his application for adjustment of status pursuant to that approved labor certification. I will present that matter to the court in talking it over with my client. This is not in front of us at this point. We have no record. If you want to talk to the service about some resolution, you're free to do that. We can't do anything about this right now because it's not in front of us. I understand. I just wanted to present his present situation to the court. Thank you. Good morning. My name is Chris Pickrell, assistant U.S. attorney here in Seattle. I'd like to address the settlement of the Abdullah case in the Southern District of New York that has been alluded to. The settlement agreement itself is part of the excerpts of record, and there is nothing in there that provides for a de novo application, much less a hearing on a SAW application. Indeed, the purpose of the Abdullah lawsuit, as I understand it, was to strike from the existing administrative record some improper conclusions that were apparently drawn by an INS officer. That document or documents was sealed, and under the Abdullah settlement agreement the INS then re-adjudicated this man's SAW application, found from the existing record minus the tainted evidence that he had presented bogus or fraudulent evidence that he had indeed been employed as a grape harvester, and re-denied the SAW application. Let me ask, is there some confusion in the record as to what steps the service took in re-examination? At one point it says that contacts by telephone were made by his reputed employer, and then later it says that none were made. So what's the truth of that? Your Honor, I think this is answered on page 44 of the excerpts of record, which is a copy of the written re-denial of the SAW application, which I think indicates, as I read this, that the INS investigations branch relied on their original telephone call to the erstwhile employer of this gentleman and confirmed through that that they had no record of having employed anyone by this name. Beyond that, I am also... Was this made before the reopening? Yes. Yes. The settlement agreement in Abdullah said the service agrees in these subset of cases to re-adjudicate the SAW applications based on the existing evidence and record minus the tainted document or documents. And in this man's case and the other cases, the tainted documents were sealed, and then there was a re-adjudication based on the prior existing administrative record. When we're arguing due process, we also have to turn to the element of prejudice. What prejudice has been shown by this gentleman that would possibly entitle him to a re-examination by the district court of his SAW application? Never has he refuted, that I've seen, the evidence that he had presented bogus documents of an employment work history. He's never refuted that administratively or in the judicial proceeding. On what basis could we call on the district court to have an evidentiary hearing on something as vague and undefined as that? He did submit some supplemental documents, but it was after the second denial. Is that correct? I'm sorry that I can't answer that question, Your Honor. I don't... It's right in the record, and it says that the department, even though they were found late, would give them consideration, but found that they didn't rebut the information that they had. Yes, the second, the re-denial decision very plainly says that we find that you have not met your burden of showing that you had worked in an agricultural occupation for the requisite period of time denied. As far as what counsel has advised the court and myself about today, I, along with the court, have no knowledge of this, but there is case law from this circuit and elsewhere that says that a labor certification, which after all is something granted by the labor department rather than justice or homeland security, is not sufficient to automatically invoke a stay against an existing order of deportation. Furthermore, if the labor certification were approved on the basis of this man qualifying in some skilled worker occupation, that doesn't exactly jive with his earlier contention in the SAW application that he was a grape harvester. Thank you. Thank you. I would have nothing further to add. That's fine. Thank you. The case of Singh v. the INS is submitted.
judges: Hug, B Fletcher, McKeown